UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VILLA RIVIERA CLUB, INC.,

    Plaintiff,

v.                                              Case No:   6:18-cv-798-Orl-31TBS

LEXINGTON INSURANCE COMPANY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Amended Motion to Compel Appraisal and Stay Litigation (Doc 6). After due consideration I respectfully recommend that the motion be granted.

This case is before the Court based upon the existence of diversity jurisdiction (Doc. 1). Defendant Lexington Insurance Company issued an insurance policy to Plaintiff Villa Riviera Club, Inc., insuring Plaintiff's buildings and common areas (Doc. 2, ¶ 4). Hurricane Irma caused damage to the insured property (Id., ¶ 5). Defendant found coverage and made payment to Plaintiff (Id., ¶ 8). Plaintiff complains that the payment is insufficient (Id.). It alleges that "Defendant's refusal to pay this claim properly, as well [sic] its assertion that the policy requires proof of payment for repairs as a condition precedent to recovery of withheld depreciation are breaches of the insuring agreement and Plaintiff has been damaged thereby." (Id., ¶ 11).

The policy contains an appraisal provision to resolve disputes concerning the amount of loss (Doc. 2-1 at 28). Defendant has invoked the appraisal process (Doc. 5-1). On June 7, 2018, Plaintiff informed the Court that the parties had agreed to appraise the

amount of loss and that each party had appointed its appraiser (Doc. 11, ¶ 4). Plaintiff also informed the Court that the parties had agreed in principle to the use of line item appraisals (Id., ¶ 6). However, the parties had not reached agreement on Defendant's motion to abate or dismiss this case because Plaintiff did not believe the issue of conditions precedent to the payment of recoverable depreciation is covered by the appraisal clause (Id., ¶ 5). Plaintiff requested an extension of time so that the parties could attempt to resolve this disagreement between themselves (Id., ¶ 7). The Court granted the motion and gave Plaintiff through June 25, 2018 to respond to Defendant's motion to compel appraisal (Doc. 12).

On June 25, counsel for Defendant emailed an Agreed Order on Defendant's Motion to Compel Appraisal and Stay Litigation and an Appraisal Award Form to my Chambers. I will docket these papers later today, in the meantime, the Agreed Order states:

> 1. Defendant's Motion to Compel Appraisal and Stay Litigation is hereby GRANTED.
>
> 2. Plaintiff's claim at issue in this lawsuit shall be submitted to appraisal.
>
> 3. The appraisal panel shall determine the amount of loss.
>
> 4. The appraisal panel shall use the delineated appraisal award form attached hereto as **Exhibit A** in entering the appraisal award so that coverage questions applicable to a particular item or items or expense or expenses, if any, can later be resolved by the Court.
>
> 5. Defendant reserves all rights to contest coverage and does not waive any coverage defenses by proceeding with appraisal.
>
> 6. The case shall be stayed pending completion of appraisal.
>
> 7. The Court shall retain jurisdiction to enforce the terms of this Order.

I respectfully recommend the Court enter the proposed order with the following changes:

(1) That the parties be required to file a status report at least once every 60 days, to inform the Court of the status of the appraisal process; and

(2) That the Clerk be directed to administratively close this case, subject to being re-opened upon motion filed by a party.

I suggest these changes because I do not know how long the appraisal process will take, and status reports will help the Court stay abreast of the progress being made by the parties.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

If there are no objections to this Report and Recommendations then the parties may expedite the process by filing notices of no-objection.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 26, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record